FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY - 6 2010

JAMES N. HATTEN, CLERK
By: J. _____ Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| STEVE ERIKSON, | - | |
| Plaintiff, | - | |
| | - | PLAINTIFF'S VERIFIED |
| v. | - | COMPLAINT AND |
| | - | DEMAND FOR JURY |
| FOCUS RECEIVABLES MANAGEMENT, LLC, | - | TRIAL |
| Defendant. | - | |

-CC

1:10. CV - 1381

STEVE ERIKSON ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against FOCUS RECEIVABLES MANAGEMENT, LLC, ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

2.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.      Defendant resides and conducts business in the state of Georgia, and therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

6.      Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

7.    Plaintiff is a natural person residing in Charlotte, North Carolina.

8.    Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9.    Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.    Defendant is a national company located in Marietta, Georgia.

11.    Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection and does so through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

12.    Defendant constantly and continuously has placed telephone calls to Plaintiff on a virtually daily basis multiples time per day for months demanding payment for an alleged consumer debt.

13.    Defendant called Plaintiff from 888-379-9266 and calls him at 704-778-5356.

14.    Defendant has repeatedly called Plaintiff at his place of employment after being advised by Plaintiff that his employer prohibited such communications.

15.    Defendant did not send Plaintiff a debt validation letter and has also contacted third parties and communicated Plaintiff's debt to them.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16.    Defendant violated the FDCPA based on the following:

a.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff;

b.  Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring and engaging Plaintiff in telephone conversations repeatedly;

c.  Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at his place of employment even though Defendant knew or had reason to know that Plaintiff's employer prohibited the Plaintiff from receiving such communications;

d.  Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties including friends of the Plaintiff regarding the alleged debt; and

e.  Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22.     As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, STEVE ERIKSON, respectfully requests judgment be entered against Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC, for the following:

23.     Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

24.     Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

25.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

26.     Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: April 28, 2010

By: _____

Alex Simanovsky, Esq.
Attorney for Plaintiff
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345

Of Counsel
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STEVE ERIKSON, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF SOUTH CAROLINA)

Plaintiff, STEVE ERIKSON, states the following:

1.      I am the Plaintiff in this civil proceeding.

2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.      I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.      Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.      Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, STEVE ERIKSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____                          _____
Date                                                            STEVE ERIKSON