UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVE ERIKSON, ) | Case No: 1:10-CV-1381-CC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | PLAINTIFF'S MOTION TO TRANSFER VENUE |
| ) | |
| FOCUS RECEIVABLES ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT**

NOW COMES Plaintiff, STEVE ERIKSON ("Plaintiff"), by and through his attorneys, and hereby moves this Honorable Court to transfer venue to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a) and submits this Memorandum of Law in support of his Motion.

**I.     BACKGROUND**

This case arises pursuant to a complaint filed by the Plaintiff against the Defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Plaintiff resides in Charlotte, North Carolina but filed his Complaint in the Northern District of Georgia because Defendant's main office is in Marietta, Georgia and, at the time of filing, Plaintiff's attorneys did not have local counsel in the Western District of North Carolina.  Plaintiff's counsel has since associated with local counsel in the Western District of North Carolina.  Accordingly, Plaintiff requests that his case be transferred to the Western District of North Carolina or, in the alternative, that Plaintiff's case be dismissed without prejudice.

## II. LEGAL STANDARD

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides in relevant part, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The plaintiff is not bound by his choice of forum and may move for change of venue if he discovers good reason for transfer after filing his complaint. *Weltmann v. Fletcher*, 431 F.Supp. 448 (D.C. Ohio 1976); *Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*, 2003 WL 298799 (D.C. Tex. 2003) ("Most courts have accepted the view that plaintiffs, like defendants, may seek a transfer for the convenience of the parties and in the interest of justice. In order to prevail, a plaintiff must show that circumstances have changed since the filing of suit.").

Transfer of venue is discretionary and the Court may transfer an "at any time during the pendency of a case, even after judgment has been entered." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991). In deciding where venue should be laid, the choice of forum by Plaintiff is given deference. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992); *Knapp v. Romer*, 909 F.Supp. 810, 813 (D.Colo.1995). Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Finally, the FDCPA states that actions under the FDCPA may be brought in "any appropriate United States district court without regard to the amount in controversy." 15 U.S.C. § 1692k(d).

The first question of the transfer of venue analysis is whether or not the case could have been brought in the alternate forum. *Chrysler Credit Corp.*, 928 F.2d at 1515.

If answered in the affirmative, the question then becomes whether or not the present forum is inconvenient. *Chrysler Credit Corp.*, 928 F.2d at 1515.  These factors include, but are not limited to: (1) the plaintiff's choice of forum; (2) the convenience and location of witnesses and other sources of proof; (3) the cost of making the necessary proof; (4) relative advantages and obstacles to a fair trial; (5) the possibility of the existence of questions arising in the area of conflict of laws; (6) the advantage of having a local court determine questions of local law; and, (7) all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Id*., 928 F.2d at 1516 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).  Plaintiff shows, in the instant case, venue can and should be moved to the Western District of North Carolina.

### III.   PLAINTIFF MOVES TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NORTH CAROLINA

#### A. Plaintiff could have filed in the Western District of North Carolina

Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391(b)(1) because the Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection in the Western District of North Carolina.  Venue is also proper pursuant 28 U.S.A. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of North Carolina.  Plaintiff is a natural person residing in Charlotte, North Carolina and is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §1692a(3).  Defendant contacted Plaintiff continuously at his residence in Charlotte, North Carolina, thereby engaging in its business of debt collection in the Western District of North Carolina. Therefore, Plaintiff could have filed suit in the Western District of North Carolina but was unable to because her counsel did not have local counsel in North Carolina at the

time his Complaint was filed.

### B. Changed circumstances and fairness necessitate venue in the Western District of North Carolina

Plaintiff requests his case be transferred because circumstances have changed since the time of filing with the acquisition of local counsel in North Carolina. *Yoonessi v. New York State Bd. for Professional Medical Conduct*, 2005 WL 645223 at *7 (W.D.N.Y. 2005) (plaintiff demonstrated changed circumstances supporting venue transfer). Regarding Plaintiff's choice of forum, Plaintiff submits herein that her first chosen forum is the district in which she resides – the Western District of North Carolina – and that she only chose the Northern District of Georgia based on the unavailability of local counsel at the time of filing.

With regard to the factors set forth in *Chrysler Credit Corp. v. Country Chrysler, Inc.*, Plaintiff respectfully submits he is the primary witness and source of proof, as he will testify as to the nature and quality of Defendant's contacts with her. Plaintiff resides in the Western District of North Carolina and was subjected to Defendant's unfair and unscrupulous debt collection practices in North Carolina. Upon information and belief, Defendant and its employees/agents operate throughout the United States and, while it may have its main office in Marietta, Georgia, it is unconfirmed at this juncture where Defendant's employees actually were when they harassed Plaintiff. On the other hand, Plaintiff's allegations are that Defendant contacted him while he resided in Charlotte, North Carolina, where she resides to this day.

### IV. CONCLUSION

In light of these factors, the convenience of the parties and the interest of justice weigh in favor of transferring venue to the Western District of North Carolina. Plaintiff

would have chosen this forum had local counsel been available when he filed the Complaint. Plaintiff respectfully submits that no prejudice will result to Defendant, who avails itself to multiple federal districts across the United States in its debt collection efforts. Plaintiff is the primary witness and the incidents at issue occurred in North Carolina. Defendant's main office is the sole basis for venue in the Northern District of Georgia.

WHEREFORE, Defendant requests that this Court grant Plaintiff's Motion and transfer venue to the Western District of North Carolina.

DATED: January 5, 2011

By: ___/s/ E. Scott Fortas___
 E. Scott Fortas, Esq.
 Attorney for Plaintiff
 1932 N. Druid Hills Road, Suite 100
 Atlanta, GA 30319

 Of Counsel
 Krohn & Moss, Ltd.
 10474 Santa Monica Blvd., Suite 401
 Los Angeles, CA 90025

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| STEVE ERIKSON, ) | Case No: 1:10-CV-1381-CC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | PLAINTIFF'S MOTION TO TRANSFER VENUE |
| ) | |
| FOCUS RECEIVABLES ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I, Scott Fortas hereby certify that on January 5, 2011 I electronically filed **Plaintiff's Motion to Transfer Venue** with the Clerk of the Court using the CM/ECF system which will automatically send electronic notification of such filing to the following attorney(s) of record for Defendant:

    John C. Stivarius, Jr.
    Lisa N. Knottek
    Elarbee, Thompson, Sapp & Wilson, LLP

DATED: January 5, 2011    By:    /s/ E. Scott Fortas
                                             E. Scott Fortas, Esq.
                                             Attorney for Plaintiff
                                             1932 N. Druid Hills Road, Suite 100
                                             Atlanta, GA 30319

                                             Of Counsel
                                             Krohn & Moss, Ltd.
                                             10474 Santa Monica Blvd., Suite 401
                                             Los Angeles, CA 90025